IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES E. TAYLOR,

    Plaintiff,

v.                              Civil Action No. 3:10cv619

INTERNAL REVENUE SERVICE,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) (Docket No. 11) and MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 13) filed by the Commonwealth of Virginia, the Supreme Court of Virginia and the Virginia Department of Taxation (collectively, the "Commonwealth Defendants") and the MOTION TO DISMISS (Docket No. 24) filed by the Internal Revenue Service ("IRS"). For the reasons that follow, the Commonwealth Defendants' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) (Docket No. 11) will be granted and their MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 13) will be denied as moot. The IRS' MOTION TO DISMISS (Docket No. 24) will be granted.

## BACKGROUND

James Taylor filed an action in Virginia. See Compl. at 4. The state trial court entered an order (the "Order") while the underlying decision was on appeal. Id. at 3. Taylor alleges that the Order is void because, under state law, the state court had no jurisdiction to enter the Order while its underlying decision was on appeal to a higher state court. Id. Taylor appealed that Order and argued its invalidity in various Virginia state courts, but every Virginia court to have considered that question has denied Taylor any relief. Id. He now requests this Court to vacate the Order and to enjoin Virginia's courts from enforcing it. Id. at 1.

Taylor's tax obligations were increased by the Order, id. at 2-3, and he sought alteration of the tax obligations in the Virginia courts, but he also failed to prevail on the tax issues. Id. at 3. Taylor further claims that he is highly unlikely to receive any favorable adjudication in the state system because of alleged corruption in the Hanover Circuit Court. Id. at 3-4. He asks this Court to enjoin both state and federal tax collection agencies from enforcement of tax obligations based on the Order, to order the Virginia Department of Taxation to repay all taxes that Taylor has improperly paid based on the Order, to set his Federal tax obligations at $1 for each year until the Order's invalidity is properly adjudicated,

2

and to allow Taylor to recover all costs of this action and other actions resulting from the Order. Id. at 1.

The Commonwealth Defendants have filed two motions to dismiss. First, under Fed. R. Civ. P. 12(b)(1), the Commonwealth Defendants claim that the Eleventh Amendment and the Rooker-Feldman doctrine preclude the existence of subject matter jurisdiction in this Court. Brief in Support of Commonwealth Defendants' 12(b)(1) Mot. at 1. Second, the Commonwealth Defendants assert that the Complaint does not sufficiently state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6), as interpreted by Twombly and Iqbal. Brief in Support of Commonwealth Defendants' 12(b)(6) Mot. at 1-2.

The IRS has also filed a motion to dismiss based on Rule 12(b)(1). The IRS asserts that this Court does not have subject matter jurisdiction to hear a case against it respecting any of Taylor's claims involving federal tax obligations because the United States has not waived sovereign immunity to allow Taylor to bring this action against it. Mem. in Support of Mot. to Dismiss at 3.

## DISCUSSION

**1. The Commonwealth Defendants' 12(b)(1) Motion**

A complaint should be dismissed under FED. R. CIV. P. 12(b)(1) if the court does not have subject matter jurisdiction

to hear the claim. The Rooker-Feldman doctrine is a jurisdictional limitation on lower federal courts, intended to ensure that they do not undertake inappropriate appellate review of state courts. See Davani v. Virginia Dept. of Transp., 434 F.3d 712, 716-17 (4th Cir. 2006). Rooker and Feldman involved situations where litigants attempted to use federal courts to declare adverse state court judgments null and void. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005). In 2005, the Supreme Court held that the Rooker-Feldman doctrine is limited to the situations presented in those two cases: "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review of those judgments." Id. at 284. Lower federal court review of such judgments is inappropriate because only the Supreme Court may review state court decisions. Id. at 284-85; Davani, 434 F.3d at 719.

This action falls squarely within the Rooker-Feldman doctrine. All of the claimed injuries stem from the state court's Order and the other agencies' enforcement thereof. Also, Taylor asks this Court to vacate the Order and to enjoin any enforcement action based thereon. However, Taylor already has litigated those issues in state court, and he has lost.

4

In the Complaint, Taylor has cited state law for the proposition that the Virginia courts should have declared the Order void. That authority is of no moment to the jurisdictional issue at hand because the Virginia courts determined that the Order was, in fact, valid. Taylor now seeks from this Court a decree overturning the decisions reached in Virginia. Review of state court decisions by federal district courts is exactly what the Supreme Court proscribed in Rooker and Feldman.[1]

## B.   IRS' Motion To Dismiss

Absent a waiver that permits suits against it on a particular kind of matter, sovereign immunity protects the United States and its agencies from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity by the United States must be "unequivocally expressed" and "construed strictly in favor of the sovereign." United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (internal citations omitted). If an action does not fall within the strictly construed terms of an unequivocal waiver, then the Court lacks subject matter jurisdiction and the action must be dismissed for

---

1  Having determined that the Court lacks subject matter jurisdiction, it lacks authority to decide the Commonwealth Defendants' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6). Hence, it will be denied as moot.

lack of subject matter jurisdiction.  See id.; Meyer, 510 U.S. at 475.

The United States has not consented to the exercise by district courts of jurisdiction to issue a declaratory judgment that a citizen's tax liability is invalid or to enjoin the IRS' collection of taxes.  The Declaratory Judgment Act forecloses district courts' subject-matter jurisdiction to issue declaratory judgments respecting federal taxes.  28 U.S.C. § 2201.  The Anti-Injunction Act precludes suits "for the purpose of restraining the assessment or collection of any tax."  26 U.S.C. § 7421.  These two sections require any litigant either to litigate tax controversies in Tax Court or to "'pay first, litigate later' through a suit [in the district court] for a tax refund ... whenever disputes arise regarding the payment of taxes."  Felkel v. United States, 861 F.Supp. 507, 509 (D.S.C. 1994) (quoting Flora v. United States, 362 U.S. 145, 164 (1960)).  Furthermore, "[t]he Constitution does not waive sovereign immunity" so claiming violations of constitutional rights will not on its own imply a waiver of the United States' sovereign immunity.  Id. at 512 (internal citations omitted).

The United States has not consented to suit against the IRS under the circumstances raised in Taylor's complaint.  Taylor has not demonstrated any congressional intent to waive sovereign immunity in a case of this sort.  Furthermore, the action

6

requests two forms of relief specifically barred by the Declaratory Judgment Act and the Tax Injunction Act. Finally, Taylor has not brought a proper suit for a refund of taxes already paid. While district courts do have jurisdiction over claims for the recovery of "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected" under 28 U.S.C. § 1346(a)(1), the United States would be the proper defendant for such a suit, not the IRS. Congress has not waived the IRS' sovereign immunity regarding such suits.[2] Without any evidence of a waiver of sovereign immunity and absent strong evidence that Congress intends to prevent suits such as this, the Court lacks jurisdiction over the action against the IRS.

## CONCLUSION

For the foregoing reasons, the MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) (Docket No. 11) filed by the Commonwealth Defendants will be granted. The MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 13) filed by the Commonwealth Defendants will be denied as moot. The MOTION TO DISMISS (Docket No. 24) filed by the IRS will be granted. The

---

2 Even if the Court were to substitute the United States as a defendant instead of the IRS, there is no evidence that any tax was improperly assessed or collected. The taxes about which the plaintiff complains were based on the state-court order, which is still valid, and, as explained above, the jurisdiction to declare that order invalid is foreclosed by the Rooker-Feldman doctrine.

plaintiff's MOTION FOR TEMPORARY and PERMANENT INJUNCTIVE AND DECLARATORY RELIEF (Docket No. 2) will be denied as moot. This action will be dismissed without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff.

It is so ORDERED.

_____/s/_____ *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April __8__, 2011